UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

Anthony D. McCloud o/b/o T.N.M.,

                                        Plaintiff,

            v.

Commissioner of Social Security,[1]

                                        Defendant.

**Decision and Order**

17-CV-611 HBS
(Consent)

## I.    INTRODUCTION

The parties have consented to this Court's jurisdiction under 28 U.S.C. § 636(c).  The Court

has reviewed the Certified Administrative Record in this case (Dkt. No. 8, pages hereafter cited in

brackets), and familiarity is presumed.  This case comes before the Court on cross-motions for

judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure.  (Dkt. Nos. 13,

17.)  In short, plaintiff is challenging the final decision of the Commissioner of Social Security (the

"Commissioner") that claimant TNM, a minor under 18 years of age, was not entitled to

Supplemental Security Income under Title XVI of the Social Security Act.  The Court has deemed

the motions submitted on papers under Rule 78(b).

## II.    DISCUSSION

"The scope of review of a disability determination . . . involves two levels of inquiry.  We

must first decide whether HHS applied the correct legal principles in making the determination.  We

must then decide whether the determination is supported by substantial evidence."  *Johnson v. Bowen*,

817 F.2d 983, 985 (2d Cir. 1987) (internal quotation marks and citations omitted).  When a district

court reviews a denial of benefits, the Commissioner's findings as to any fact, if supported by

---

[1] The Clerk of the Court is directed to conform the caption of the case to the caption of this decision.

substantial evidence, shall be conclusive. 42 U.S.C. § 405(g). Substantial evidence is defined as "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Tejada v. Apfel*, 167 F.3d 770, 773-74 (2d Cir. 1999).

The substantial evidence standard applies to both findings on basic evidentiary facts, and to inferences and conclusions drawn from the facts. *Stupakevich v. Chater*, 907 F. Supp. 632, 637 (E.D.N.Y. 1995); *Smith v. Shalala*, 856 F. Supp. 118, 121 (E.D.N.Y. 1994). When reviewing a Commissioner's decision, the court must determine whether "the record, read as a whole, yields such evidence as would allow a reasonable mind to accept the conclusions reached" by the Commissioner. *Winkelsas v. Apfel*, No. 99-CV-0098H, 2000 WL 575513, at *2 (W.D.N.Y. Feb. 14, 2000). In assessing the substantiality of evidence, the Court must consider evidence that detracts from the Commissioner's decision, as well as evidence that supports it. *Briggs v. Callahan*, 139 F.3d 606, 608 (8th Cir. 1998). The Court may not reverse the Commissioner merely because substantial evidence would have supported the opposite conclusion. *Id.*

Individuals under 18 years old are considered disabled when the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(C)(i). There is a three-step process that is used to determine whether a child is disabled under the Social Security Act. *See* 20 C.F.R. § 416.924.

The first step requires the Administrative Law Judge ("ALJ") to determine whether the child is engaged in "substantial gainful activity." *See* 20 C.F.R. § 416.924. The second step requires the

ALJ to determine whether the child has any severe impairment, defined as anything that causes "more than minimal functional limitations." *Id.* Finally, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed impairment. *Id.* If the ALJ finds that the child's impairment or combination of impairments meets or equals a listing, the child is considered disabled. 20 C.F.R. §§ 416.924(d)(1).

Alternatively, if the ALJ determines that the child's impairment or combination of impairments does not meet or medically equal a listing, the ALJ then must assess functional equivalence to a listing in terms of six domains:

1. Acquiring and using information;

2. Attending and completing tasks;

3. Interacting and relating with others;

4. Moving about and manipulating objects;

5. Caring for yourself; and

6. Health and physical well-being.

20 C.F.R. § 416.926a(a),(b)(1). A child is classified as disabled if the child has a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain. 20 C.F.R. §§ 416.926a(d). A "marked" limitation is when the impairment or cumulative effect of the impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation "interferes very seriously" with that ability. 20 C.F.R. § 416.926a(e)(3)(i).

Of the various issues that plaintiff has raised, the issue of missing records draws the Court's immediate attention. "The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by

counsel." *Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) (citations omitted). Failure to develop a full record can lead to remand. *See Rosa v. Callahan*, 168 F.3d 72, 80 (2d Cir. 1999). In the specific instance of school records, the failure to make reasonable efforts to obtain updated school records is cause for remand. *Love v. Colvin*, No. 15-CV-00673-HBS, 2016 WL 4086948, at *4 (W.D.N.Y. Aug. 2, 2016); *see also Cespedes v. Barnhart*, No. 00-CV-7276-GEL, 2002 WL 1359728 at *4-5 (S.D.N.Y. June 21, 2002) (ALJ is required to make reasonable efforts to obtain updated school records, especially when the plaintiff is appearing *pro se*, and failure to do so is cause for remand); *McClain v. Apfel*, No. 99 Civ. 3236 VM JCF, 2001 WL 66403 at *9-10 (S.D.N.Y. Jan. 26 2001) (ALJ failed to update records which led to him relying on information from when the child was four years old even though the opinion issued when the child was 8, which was cause for remand).

The Court agrees with plaintiff that, while TNM's academic and behavioral issues are generally discussed in the administrative record, primary-source educational and probation records appear to be missing or deficient. The Commissioner implicitly agrees with plaintiff when writing that "the record is not *completely* lacking of educational records." (Dkt. No. 17-1 at 21 (emphasis added).) *Cf. Price ex rel. A.N. v. Astrue*, 42 F. Supp. 3d 423, 433 (E.D.N.Y. 2014) (remand required to address "inconsistencies in the scant educational records contained within this record"). The absence of full educational and probation records could affect the analysis in this case; the ALJ made findings about TNM's behavior based on legitimate but third-hand clinical notes, when primary-source records might provide additional information. *Cf. Caldwell o/b/o J.W. v. Berryhill*, No. 1:15-CV-00613-MAT, 2018 WL 1081009, at *3 (W.D.N.Y. Feb. 28, 2018) ("The ALJ's error also plainly was not harmless. Indeed, significant portions of the ALJ's analysis, including his assessment of Plaintiff's and Claimant's credibility, relied on the absence of educational records. These conclusions might well have been changed had the ALJ properly sought out Claimant's educational

4

records.") (citation omitted). "Simply put, what little the Court knows about [the child's] academic, attendance, and disciplinary performance at school comes third-hand from the testimony or reports of people who may or may not have seen grade reports or other reports themselves." *Torres o/b/o J.E.D.L.T. v. Comm'r*, No. 16-CV-745A, 2018 WL 3130690, at *4 (W.D.N.Y. May 15, 2018), *report and recommendation adopted sub nom. Torres o/b/o J.E.D.L.T. v. Berryhill*, No. 16-CV-745, 2018 WL 3126751 (W.D.N.Y. June 26, 2018). Under these circumstances, a remand will allow the ALJ to obtain and to review all of the critical primary sources to develop a full picture of TNM's academic and behavioral issues.

In ordering remand, a few points are in order. The Court takes no position on any of the other issues that plaintiff has raised, and the Commissioner is free to review those issues as might be appropriate. The Court also will not address the Commissioner's concern that "counsel should not be allowed to invite such reversible error by confirming the completion of the record, to later argue it was incomplete." (Dkt. No. 17-1 at 22.) The facts of this case warrant further development of the record. If the Commissioner is suggesting some kind of improper inducement to close the record prematurely then that issue can be addressed at another time. *Compare Shaw v. Chater*, 221 F.3d 126, 131 (2d Cir. 2000) ("The ALJ has an obligation to develop the record in light of the non-adversarial nature of the benefits proceedings, regardless of whether the claimant is represented by counsel.") (citations omitted) *with Jordan v. Comm'r*, 142 F. App'x 542, 543 (2d Cir. 2005) (summary order) ("Although the ALJ did not contact or obtain records from Dr. Arena, a treating physician whom Jordan mentioned at his hearing: [i] Jordan's counsel volunteered to secure Dr. Arena's records; [ii] the ALJ kept the record open to allow counsel to do so, and later contacted counsel to remind him that no evidence had been received and that a decision would be made on the existing record unless such evidence was timely submitted; [iii] counsel subsequently contacted the Social Security

Administration to advise it that Jordan had 'nothing further to add' to the record; and [iv] Jordan did not request the ALJ's assistance in contacting or securing evidence from Dr. Arena. Under these circumstances, we cannot say that the ALJ failed to discharge his duty to develop the record.") *and Blackman v. Berryhill*, No. 1:16-CV-00869-HBS, 2018 WL 3372963, at *4 (W.D.N.Y. July 11, 2018) ("Furthermore, the Second Circuit has held that an ALJ fulfilled his duty to develop the record where, although the ALJ did not contact the physician whose records were absent, claimant's counsel accepted responsibility to obtain missing records and the ALJ left the record open to allow counsel to do so.") (citing *Jordan*).

## III. CONCLUSION

For the above reasons, the Court denies the Commissioner's motion (Dkt. No. 17). The Court grants plaintiff's cross-motion (Dkt. No. 13) in part to vacate the Commissioner's final decision and to remand the matter for further proceedings consistent with this Decision and Order. The Court denies plaintiff's cross-motion to the extent that it seeks any other relief.

The Clerk of the Court is directed to close the case.

SO ORDERED.

_/s Hugh B. Scott_____
Hon. Hugh B. Scott
United States Magistrate Judge

DATED: May 16, 2019